IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| PATRICK L. BOOKER, | ) | C/A No. 2:15-CV-02986-MGL-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | REPORT & RECOMMENDATION |
| PATRICIA GRAHAM, ANDERSON | ) | |
| BLUE, ERIC BROWN, FREDERICK | ) | |
| FORD, ANNIE SELLERS, EUGENE | ) | |
| HOWARD, WILLIE EAGLETON, | ) | |
| CHARLES WEST, LEON LOTT, JOHN | ) | |
| DOE, | ) | |
| | | |
| Defendants. | | |

_____

This is a civil action filed by a *pro se* litigant currently in the custody of the South Carolina Department of Corrections ("SCDC"). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

The Plaintiff filed a Second Amended Complaint on February 26, 2016. (Dkt. No. 60.) The Plaintiff alleged therein that Defendant Lott, the Sheriff of Richland County, refused to take custody of the Plaintiff while he was in Richland County for a court appearance. (*Id.* at 6.) At the time of Lott's alleged refusal, the Plaintiff was in the custody of SCDC. On March 12, 2016, Defendant Lott filed a Motion to Dismiss pursuant to Rule 8(a)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 67.) The Plaintiff responded to Defendant Lott's motion on May 26, 2016. (Dkt. No. 78.) The Plaintiff stated "[w]ith respect to the motion to dismiss by Mr. Lott [Doc. #67], I concede the argument of Defendant Lott and I agree that Defendant Lott should be dismissed from this action." (Dkt. No. 78 at 1.) Therefore, the

undersigned recommends that the Motion to Dismiss Second Amended Complaint on Behalf of Defendant Sheriff Loff [Dkt. No. 67] be GRANTED.

    IT IS SO RECOMMENDED.

August 12, 2016

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).