IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| PATRICK L. BOOKER, | ) | C/A No. 2:15-CV-02986-MGL-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | REPORT & RECOMMENDATION |
| PATRICIA GRAHAM, ANDERSON | ) | |
| BLUE, ERIC BROWN, FREDERICK | ) | |
| FORD, ANNIE SELLERS, EUGENE | ) | |
| HOWARD, WILLIE EAGLETON, | ) | |
| CHARLES WEST, LEON LOTT, JOHN | ) | |
| DOE, | ) | |
| | | |
| Defendants. | | |
| _____ | | |

This is a civil action filed by a *pro se* litigant currently in the custody of the South Carolina Department of Corrections ("SCDC"). The Plaintiff alleges that he was transported by SCDC in a van without a seatbelt or other proper safety restraints. (Dkt. No. 60.) The Plaintiff alleges that the drivers of the van exceeded 85 miles per hour and drove recklessly. (*Id.*) Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. This matter is before the court on the Motion to Dismiss Second Amended Complaint on Behalf of Newly Added Defendants Willie Eagleton and Charles West.[1] (Dkt. No.

---

[1] The Motion to Dismiss was filed on behalf of Defendants Eagleton and West. The remaining Defendants filed their Answer (Dkt. No. 66) on March 11, 2016. The Plaintiff filed a response to the Motion to Dismiss on May 26, 2016. (Dkt. No. 78.) In Defendants Eagleton and West's Reply to the Plaintiff's Response to Motion to Dismiss Second Amended Complaint (Dkt. No. 79), Defendants' counsel attempts to expand their original Motion to Dismiss to be on behalf of all Defendants arguing that the Plaintiff did not sufficiently respond to the Motion to Dismiss. (Dkt. No. 79 at 9.) This argument is without merit. Therefore, to the extent that any Defendants other than Eagleton and West are seeking dismissal after filing their Answer by shoehorning into the Motion before the court, this court recommends the Motion be denied.

65.) The undersigned finds that the Second Amended Complaint fails to state a claim against Defendants Eagleton and West and recommends that their Motion to Dismiss (Dkt. No. 65) be granted.

The Plaintiff filed a Second Amended Complaint on February 26, 2016. (Dkt. No. 60.) The Plaintiff alleged therein that Defendants Eagleton and West[2], along with other Defendants, "transported [the Plaintiff], or caused and/or allowed [the Plaintiff] to be transported in … [an] SCDC vehicle without the safety of a secure seat or seatbelt." (Dkt. No. 60 at 4.)   On March 11, 2016, Defendants Eagleton and West filed a Motion to Dismiss pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5),  Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 65.) In their Motion, Defendant's Eagleton and West allege that they were never served with a summons or complaint and that the Second Amended Complaint fails to state a claim upon which relief may be granted. (*Id.*)  The Plaintiff responded to the Defendant's Motion on May 26, 2016. (Dkt. No. 78.)  The Plaintiff argues, in direct contradiction to the allegations in Defendants Eagleton and West's Motion, that he did submit summonses and USM-285 forms to be served by the United States Marshals Service for service. (*Id.*)  In the alternative, the Plaintiff requests permission to resubmit the summonses and USM-285 forms. (*Id.*)

Defendants Eagleton and West replied to the Plaintiff's response on June 6, 2016. (Dkt. No. 79.)  The Plaintiff's Surreply [sic] to Defendant's Reply was filed on June 17, 2016. (Dkt. No. 80.) In the Sur-Reply, the Plaintiff argued that the Second Amended Complaint was sufficient to establish a claim against Defendants Eagleton and West. (*Id.* at 2.)

## **Applicable Law**

---

[2] Defendant Eagleton is alleged to be a prison Warden at Evans Correctional Institute. (Dkt. No. 60 at 2.) The Plaintiff does not identify what occupation Defendant West has or that he was acting under color of state law for purposes of 42 U.S.C. § 1983.

This court does not address Defendants Eagleton and West's Motion to Dismiss regarding whether they were properly served because the Second Amended Complaint does not state an actionable claim against Defendants Eagleton or West. On a 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) … [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, while the court must draw all reasonable inferences in favor of the plaintiff, it need not accept the "legal conclusions drawn from the facts, … unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Giarratano*, 521 F.3d at 298).

The Plaintiff claims the Defendants "are liable…for their violation of [the Plaintiff's] constitutional and human rights provided and secured…by the United States Constitution and the Universal Declaration of Human Rights." (Dkt. No. 60 at 7.) In liberally construing the Second Amended Complaint, the court determines that the Plaintiff's potential claims arise under 42 U.S.C. § 1983 and allege infringement of the Plaintiff's Eighth Amendment right to be free from

cruel and unusual punishment. In order to state a claim pursuant to § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983); *see also Gomez v. Toledo*, 446 U.S. 635, 540 (1983); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). In a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

The doctrines of vicarious liability and respondeat superior are generally not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 927-29 (4th Cir. 1977); *see also Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978) (holding "that a municipality cannot be held liable solely because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory"). However, "supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). In such a case, liability "is not premised on respondeat superior, but on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Id.* (citations omitted). A plaintiff in a supervisory liability case "assumes a heavy burden of proof," as the plaintiff "not only must demonstrate that the prisoners face a pervasive and unreasonable risk of harm from some specified source, but he must show that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices." *Id.* at 373 (internal quotation marks and citations omitted). Generally speaking, a plaintiff cannot satisfy this heavy burden of proof

4

"by pointing to a single incident or isolated incidents," but "[a] supervisor's continued inaction in the face of documented widespread abuses . . . provides an independent basis for finding he either was deliberately indifferent or acquiesced in the constitutionally offensive conduct of his subordinates." *Id.* (citations omitted); *see also Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987) ("[A] warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement.").

## Analysis

The Second Amended Complaint fails to state a claim upon which relief can be granted under § 1983 against Defendants Eagleton and West because the Plaintiff has failed to allege his Eighth Amendment rights were violated by these Defendants and Defendants Eagleton and West's involvement was limited to a supervisory capacity. The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir.1991)). The first prong requires that a plaintiff show that "the deprivation of [a] basic human need was objectively sufficiently serious." *Strickler*, 989 F.2d at 1379 (emphasis and quotation omitted). The second prong requires that a plaintiff show that "the officials act[ed] with a sufficiently culpable state of mind." *Id.* (alteration in original) (emphasis and quotation omitted).

To show that an official acted with a sufficiently culpable state of mind, a plaintiff must show the official acted with deliberate indifference to the condition. "[D]eliberate indifference

entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  Deliberate indifference "requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm." *Rish v. Johnson,* 131 F.3d 1092, 1096 (4th Cir.1997).

The Plaintiff has failed to assert that Defendants Eagleton and West were personally involved in any alleged deprivation of his Eighth Amendment rights.[3] The failure to secure an individual with a seatbelt during transport while in custody does not rise, by itself, to a constitutional claim.  *Abdallah v. Sheriff of New Hanover Cty.*, No. 5:10-CT-3193-D, 2012 WL 844634, at *3 (E.D.N.C. Mar. 12, 2012) ("[A]llegations that a law enforcement officer failed to properly secure a pretrial detainee in a patrol car does not, alone, support a constitutional claim."); *Spencer v. Knapheide Truck Equip. Co.,* 183 F.3d 902, 906 (8th Cir. 1999) (finding failure to provide seatbelts or other safety restraints in patrol wagon did not constitute policy that presented a substantial risk of serious harm); *Bell v. Norwood*, 325 F. App'x 306, 307 (5th Cir. 2009) (upholding the district court's dismissal of a plaintiff's case as "frivolous" where the plaintiff asserted that being transported without a seatbelt violated his constitutional rights); *Smith v. Secretary for the Dep't of Corrections*, 252 Fed. Appx. 301, 303–04 (11th Cir. 2007) (holding failure to fasten an inmate's seatbelt in converted utility van does not constitute a substantial risk of serious harm);  *Dexter v. Ford Motor Co.,* 92 F. App'x 637, 642 (10th Cir. 2004) ( finding "no federal case holding that failure to seatbelt an inmate, standing alone,

---

[3] As for Defendant West, the Plaintiff does not allege he was an employee of any government entity or acted under color of state law. (*See* Dkt. No. 60.)  Therefore, the Plaintiff has failed to allege a claim against him under 42 U.S.C. § 1983. However for reasons of judicial economy, this Report & Recommendation assumes *arguendo* that Defendant West acted under color of state law.

6

violates the Eighth Amendment"). "Some courts have held that a prisoner can establish an Eighth Amendment claim based upon failure to seatbelt where he can demonstrate deliberate indifference for his safety-specifically, where the prisoner can establish that failure to seatbelt, combined with either reckless or intentionally dangerous driving, or a deliberate refusal to fasten a prisoner's seatbelt upon request, caused the harm." *Walls v. Kaho*, No. 5:06-CV-188-MTP, 2009 WL 901917, at *2 n. 5 (S.D. Miss. Mar. 31, 2009).

In the case at bar, the Plaintiff's *only* allegation against Defendants Eagleton and West is that they allowed him to be placed in "harm's way" through their "tacit authorization" of allowing him to be transported without a seatbelt. (Dkt. No. 80.) The Plaintiff alleges that Defendants Eagleton and West "both gave tacit authorization for the Defendants Graham, Blue, Brown, and Ford to place [the Plaintiff] (and other inmates) in harm's way." (Dkt. No. 80.) The Plaintiff alleges that Defendants Eagleton and West allowed the Plaintiff to be transported in a van without a seatbelt. (Dkt. No. 60.) The Plaintiff specifically limits Eagleton and West's awareness to the lack of a seatbelt. (*Id.* at 4.) The Plaintiff alleges that "Defendants Willie Eagleton [and] Charles West…were aware on August 9, 2012 [sic] of the fact that non-wheelchair bound inmates were being transported in SCDC van #3861…without a stationary secure seat and without a seatbelt." (*Id.*) The Plaintiff later alleges that the *drivers* of the van drove the van at high speeds. (*Id.*) The Plaintiff does not assert that Eagleton and West had any knowledge of how the van was driven. Likewise, the Plaintiff does not assert that Eagleton or West directed the van drivers to drive recklessly or at high speeds. There is no allegation the Plaintiff was injured.

Mere knowledge that the Plaintiff was being transported without a seatbelt does not establish a constitutional violation. Likewise, directing the Plaintiff to be transported without a

7

seatbelt does not establish a constitutional violation. Defendant Eagleton is being sued because of his supervisory role.  The Plaintiff has failed to allege that Eagleton was aware of any condition that subjected the Plaintiff to an unreasonable risk of harm.  The Plaintiff alleges a single isolated incident that does not rise to a constitutional violation.  Failure to provide a seatbelt in a transport van is not a constitutional violation. The Plaintiff does not allege that Eagleton or West had any knowledge of the van drivers' later actions.  The Plaintiff has failed to allege a constitutional claim against Defendants Eagleton and West.[4]

## Conclusion

Accordingly, the Magistrate Judge **RECOMMENDS** that the Motion to Dismiss Second Amended Complaint on Behalf of Newly Added Defendants Willie Eagleton and Charles West. (Dkt. No. 65) be **GRANTED**.

IT IS SO RECOMMENDED.

August 31, 2016

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

---

[4] Defendants Eagleton and West are immune for suit under the doctrine of qualified immunity as well.  To determine whether a defendant is entitled to qualified immunity, the court must examine whether the defendant violated the plaintiff's constitutional or statutory rights and, if so, whether the defendant's "conduct was objectively reasonable in view of the clearly established law at the time of the alleged event." *Hill v. Crum*, 727 F.3d 312, 321 (4th Cir. 2013) (citations omitted).   Because the Plaintiff has not alleged either of these Defendants violated his constitutional rights, they are both entitled to qualified immunity.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).